1 | MATTHEW S. FOY (SBN: 187238)
mfoy@grsm.com
2 | JESSICA L. MEEKS (SBN: 203689)
jmeeks@grsm.com
3 | GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
4 | San Francisco, CA 94111
Telephone: (415) 986-5900
5 | Facsimile: (415) 986-8054

6 | Attorneys for Plaintiff
CANAL INSURANCE COMPANY
7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | CANAL INSURANCE COMPANY, a
South Carolina Corporation,

CASE NO. 5:19-cv-3571

12
Plaintiff,

13 | **COMPLAINT FOR**
**DECLARATORY RELIEF AND**
vs. **REIMBURSEMENT**

14

15 | A & R EXPRESS TRUCKING LLC, a
Michigan Corporation, A & R
16 | TRUCKING LLC, a Michigan
Corporation, SA & R TRUCKING
17 | COMPANY, INC., a Michigan
Corporation, ALI ALTAYE, individually
18 | and as successor in interest to Sanan
Altaye, DORA PENSAMIENTO, a
19 | California resident, CARLOS
MARROQUIN, a California resident,
20 | SELVIN MARROQUIN, a California
resident, and BROTHER'S TRUCK AND
21 | TRAILER REPAIR, a California
company, and DOES 1 through 10,

22
Defendants.

23

24 |     Plaintiff CANAL INSURANCE COMPANY ("Canal") brings this action

25 | against Defendants A & R EXPRESS TRUCKING LLC, A & R TRUCKING LLC,

26 | SA & R TRUCKING COMPANY, INC., ALI ALTAYE, DORA PENSAMIENTO,

27 | CARLOS MARROQUIN, SELVIN MARROQUIN, and BROTHER'S TRUCK

28 | AND TRAILER REPAIR ("Defendants") and alleges as follows:

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

## NATURE OF THE ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201(a), requesting a judgment declaring the respective rights and obligations of the parties in connection with an actual controversy arising under a policy of auto liability insurance issued by Canal to Defendants A & R Express Trucking LLC.

2. Canal brings this action to obtain a declaration that it has no duty to defend Defendant A & R Express Trucking LLC and A & R Trucking LLC (sometimes collectively referred to as "A & R Express") in connection with an underlying lawsuit entitled *Ali Altaye v. Dora Pensamiento, et al.*, Superior Court of the State of California, County of Santa Clara, Case No. 17CV320494 (the "Underlying Lawsuit") and the injury claims which are the subject of the Underlying Lawsuit. Canal further brings this action to obtain a declaration that it has no duty to indemnify Defendant A & R Express in connection with the Underlying Lawsuit and the injury claims which are the subject of the Underlying Lawsuit.

3. This is also an action for reimbursement of amounts paid or to be paid by Canal for defense costs incurred on behalf of Defendant A & R Express in connection with the Underlying Lawsuit.

4. Canal has named Ali Altaye, SA & R Trucking Company, Dora Pensamiento, Carlos Marroquin, Selvin Marroquin, and Brother's Truck and Trailer Repair as co-defendants in this action as they are all parties to the Underlying Lawsuit and in order to bind them to the declarations sought herein.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Canal is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in South Carolina.

6. Defendant A & R Express Trucking LLC is a Michigan corporation, with its principal place of business in Michigan.

7. Defendant A & R Trucking LLC is Michigan corporation, with its principal place of business in Michigan.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

8.    Defendant SA & R Trucking Company, Inc. is a Michigan corporation, with its principal place of business in Michigan.

9.    Defendant Ali Altaye is the successor in interest to the decedent Sanan Altaye, who was a resident of the County of Livingston, State of Michigan.

10.    Defendant Dora Pensamiento is a citizen of and domiciled in the City Gilroy, County of Santa Clara, State of California.

11.    Defendant Carlos Marroquin is a citizen of and domiciled in the City Gilroy, County of Santa Clara, State of California.

12.    Defendant Selvin Marroquin is a citizen of and domiciled in the City Gilroy, County of Santa Clara, State of California.

13.    Defendant Brother's Truck and Trailer Repair is a citizen of and domiciled in the City Gilroy, County of Santa Clara, State of California.

14.    This Court has jurisdiction over this matter pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limits of this Court.

15.    Rule 57 of the Federal Rules of Civil Procedure provides that Canal may seek a declaration from this Court as to the rights and obligations among and between the parties in relation to the Canal policy at issue, including, but not limited to, whether Canal has an obligation to provide a defense and/or indemnity to Defendant A & R Express in connection with the claims asserted against them in the Underlying Lawsuit.

16.    Venue is proper in this Court pursuant to U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## THE UNDERLYING LAWSUIT

17.    On December 14, 2017, Plaintiff in the Underlying Lawsuit, Ali Altaye, filed a complaint against Dora Pensamiento, Carlos Marroquin, Jose Marroquin,

-3-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Selvin Marroquin, Brother's Truck and Trailer Repair, Pro Mobile Truck and Trailer

2   Repair, and Marroquin Truck and Trailer Repair alleging wrongful death, survivor

3   action, negligence, intentional infliction of emotional distress, and negligent hiring,

4   retention, and supervision.  On August 23, 2018, Plaintiff filed a First Amended

5   Complaint ("FAC").  Attached and incorporated by reference hereto as Exhibit A is

6   a copy of the FAC in the Underlying Lawsuit.

7       18.    In his operative First Amended Complaint in the Underlying Lawsuit,

8   Ali Altaye alleges that his deceased son, Sanan Altaye, was employed as a

9   commercial semi-truck driver and operated a 2006 Freightliner Truck

10  ("Freightliner") and 2009 Trailer ("Trailer"), operating as a carrier by authority of

11  the U.S. Department of Transportation, U.S. DOT # 2447033 and Motor Carrier #

12  873896.

13      19.    In the Underlying Lawsuit, Ali Altaye alleges that on November 15,

14  2015, the Freightliner (Plate # RB10013) and Trailer (Plate # D165096) were taken

15  out of operation by the California Highway Patrol ("CHP") after a CHP officer

16  conducted a Driver/Vehicle Examination documenting Freightliner and Trailer

17  braking system violations.  Ali Altaye alleges that as a result, the Freightliner and

18  Trailer were taken out of operation until repaired pursuant to CHP report #

19  CAA148250480.

20      20.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying

21  defendants held themselves out to the public as providing licensed and certified

22  commercial motor vehicle and trailer tire and brake mechanic mobile services in

23  compliance with Federal Motor Carrier Safety Administration Regulations, the

24  California Vehicle Code, and CHP Regulations.   Ali Altaye alleges that the

25  underlying defendants advertised these services on a bulletin board at the CHP weigh

26  station located in San Martin, California.

27      21.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying

28  defendants were hired to come to the CHP weigh station to service the brake system

-4-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

on the Freightliner and Trailer and performed an all-brake maintenance service inspection as well as an adjustment to and repair of all brakes, including replacing one right front oil seal and replacing brakes on right axle #5.

22.    In the Underlying Lawsuit, Ali Altaye alleges that defendants represented all defects in the CHP report were repaired and that the Freightliner and Trailer were restored to safe operating condition.

23.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants only replaced two brake shoes on axle #5 and a right front oil seal, although other brakes required brake shoes and/or drum repairs in order to conform to proper manufacturer operating conditions and Federal Motor Carrier Safety Administration Regulations.

24.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants failed to properly perform the all-brake adjustment, service, and brake system repair on the Freightliner and Trailer.

25.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants made representations to Sanan Altaye, including that they performed repairs to the Freightliner and Trailer, that those repaired were properly completed, and the Freightliner and Trailer were in safe operating conditions after the work was completed.

26.    In the Underlying Lawsuit, Ali Altaye alleges that deficiencies in the underlying defendants' service and repairs rendered and affected the brakes in the system causing some brakes to work harder than others, resulting in brake imbalances leading to instability during braking, brake fade, and brake failure during steep mountain descent.

27.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants failed to warn the decedent about the brake system imbalance and that the underlying defendants created the brake system imbalance in conscious disregard for the decedent's rights and safety.

-5-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

28.     In the Underlying Lawsuit, Ali Altaye alleges that on December 19, 2015, Sanan Altaye drove the Freightliner and Trailer and picked up a load of Bentomat fabric weighing 40,950 pounds from Cetco, located at 92 Highway 37 in Lovell, Wyoming.  Ali Altaye alleges that the total weight for the Freightliner, Trailer, and load was 80,000 pounds.  Ali Altaye alleges that Sanan Altaye was driving the load to Port Reading Terminal at 750 Cliff Road in Port Reading, New Jersey.

29.     In the Underlying Lawsuit, Ali Altaye further alleges that on December 19, 2015, after the underlying defendants performed service and repair on the Freightliner and Trailer, Sanan Altaye drove on Highway 14 near mile post 76 in Wyoming and called 911 for emergency response complaining he was experiencing sudden and unexpected brake system failure.

30.     In the Underlying Lawsuit, Ali Altaye alleges that after the brake system failure, Sanan Altaye was unable to stop the Freightliner and Trailer causing him to lose control and resulting in a collision with a guardrail and subsequent roll over off the highway.

31.     In the Underlying Lawsuit, Ali Altaye alleges that Sanan Altaye (hereafter, "Decedent") was pronounced dead as a result of the accident on December 20, 2015.  Aly Altaye alleges that the Wyoming Highway Patrol concluded that the cause of the accident was brake systems failure, including based on a finding of rusted brakes which had not been serviced or repaired and a brake adjustment on the Trailer which was severely out of regulations.

32.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants were negligent and failed to use reasonable care in inspecting, warning, servicing, adjusting, and repairing the Freightliner and Trailer brakes and braking systems.

33.     In the Underlying Lawsuit, Ali Altaye asserts five causes of action against the underlying defendants for:  (1) Wrongful Death; (2) Survival Action; (3)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Negligence; (4) Intentional Infliction of Emotional Distress; and (5) Negligent Hiring, Retention, and Supervision.  Ali Ataye prays for damages, punitive damages, prejudgment interest, and attorney's fees and costs in the Underlying Lawsuit.

34.    On November 8, 2018, Ali Altaye dismissed Jose Marroquin, Pro Mobile Truck and Trailer Repair, and Marroquin Truck and Trailer Repair as defendants in the Underlying Lawsuit.

35.    On November 8, 2018, Ali Altaye also dismissed his cause of action for Intentional Infliction of Emotional Distress in the Underlying Lawsuit with prejudice.

36.    On March 22, 2019, underlying defendants Dora Pensamiento, Carlos Marroquin, Selvin Marroquin, and Brother's Truck and Trailer Repair ("Cross-Complainants") filed a cross-complaint (the "Cross-Complaint") in the Underlying Lawsuit against SA & R Trucking Company Inc., A & R Express Trucking Co., Inc., and A & R Trucking LLC (the "Cross-Defendants").

37.    In the underlying Cross-Complaint, Cross-Complainants allege that Cross-Defendants owned, operated, managed, or maintained the Freightliner and Trailer.

38.    In the underlying Cross-Complaint, Cross-Complainants allege that on or about November 18, 2015, the Decedent was acting in the course and scope of his relationship with Cross-Defendants and was commercially transporting goods when the Freightliner and Trailer were taken out of service by the California Highway Patrol for brake problems.

39.    In the underlying Cross-Complaint, Cross-Complainants deny responsibility for the damages alleged by Ali Altaye in his FAC in the Underlying Lawsuit.  Cross-Complainants further allege, however, that if they are responsible to Ali Altaye, then they are entitled to indemnity from Cross-Defendants.

//

//

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

1   40.   In the underlying Cross-Complaint, Cross-Complainants have asserted

2   causes of action against Cross-Defendants for equitable indemnity, comparative

3   contribution, apportionment, tort of another, and declaratory relief.

4   <u>**TENDER OF THE UNDERLYING LAWSUIT**</u>

5   41.   By letter dated on or about March 29, 2019, A & R Express requested

6   that Canal defend and indemnify it in connection with the Underlying Lawsuit under

7   an insurance policy more specifically described below.

8   42.   By letter dated on or about May 14, 2019, Canal acknowledged receipt

9   of the tender of the Underlying Lawsuit and advised that it was investigating

10   coverage subject to a reservation of rights.

11   43.   By letter dated May 14, 2019, Canal issued its coverage position letter

12   in response to the tender of the Underlying Lawsuit and agreed to defend A & R

13   Express in that lawsuit subject to a full and complete reservation of rights.

14   <u>**THE POLICY**</u>

15   44.   Canal issued Commercial Automobile Insurance Policy, policy no.

16   PIA08311001, to A & R Express Trucking LLC in Greensboro, North Carolina,

17   which was originally in force for the policy period November 25, 2015 to November

18   25, 2016 (the "Policy").  The Policy affords Business Auto Coverage subject to a

19   Limit of Liability of $1 million any accident or loss.  Attached and incorporated by

20   reference hereto as Exhibit B is a true and correct copy of the Policy, including

21   Policy Change Nos. 1-7.

22   45.   By Policy Change Nos. 1 and 5, dated December 4, 2015 and January

23   13, 2016, respectively, the Policy adds 2006 Freightliner 1FUJBBCK66LW77965

24   Tractor as Specifically Described Covered Auto No. 2 with the Auto Designation

25   Symbol "7" and states "UNL" with respect to "Radius of Operations" and

26   "Greensboro, NC" with respect to where the Freightliner would be principally

27   garaged.  The Classification for the Freightliner is "Non-Trucking."

28

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

-8-

46.     By Policy Change No. 2, the Policy changed the Named Insured from Ali Adnan to A & R Trucking Inc.

47.     By Policy Change No. 3, the Policy changed the Named Insured from A & R Trucking Inc. to A & R Express Trucking LLC.

48.     By Policy Change No. 7, the Policy was cancelled effective March 21, 2016, as a result of the insured's request for cancellation.

49.     The Policy affords Business Auto Coverage to A & R Express Trucking LLC pursuant to Commercial Automobile Insurance Policy form CA 00 01 10 13, which provides, in part, as follows:

<strong>BUSINESS AUTO COVERAGE FORM</strong>

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. …

<strong>A.     Description Of Covered Auto Designation Symbols</strong>

| Symbol | Description Of Covered Auto Designation Symbols |
|--------|--------------------------------------------------|
| 7 | Specifically Described "Autos" <br><br> Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

***

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.     Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

* * *

We have the right and duty to defend any "insured" against any "suit" asking for such damages ….. However, we have no duty to defend any "insured" against any "suit" seeking damages for "bodily injury" or "property damage" … to which this insurance

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

-9-

does not apply.  We may investigate and settle any claim or "suit" as we consider appropriate.  Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\* \* \*

**SECTION V – DEFINITIONS**

**A.**   "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.**   "Auto" means:

   **1.**   A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

   **2.**   Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.**   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

\* \* \*

**F.**   "Employee" includes a "leased worker".  "Employee" does not include a "temporary worker".

**G.**   "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. …

\* \* \*

**M.**   "Property damage" means damage to or loss of use of tangible property.

**N.**   "Suit" means a civil proceeding in which:

   **1.**   Damages because of "bodily injury" or "property damage"; or

   **2.**   A "covered pollution cost or expense";

to which this insurance applies, are alleged.

\* \* \*

50.   The Policy includes a Truckers – Insurance For Non-Trucking Use endorsement, Form IA 13 CW 0906, which provides as follows:

**Truckers – Insurance For Non-Trucking Use**

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE PART

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: 11/25/2015 | Countersigned by:<br><br>Piedmont Transportation Underwriters, Inc.<br><br>    (Authorized Representative) |
|---|---|
| Named Insured:  Ali Adnan | |

### WARNING:  IMPORTANT NOTICE

The policy to which this endorsement is attached is supplemental insurance and does not afford full-time protection.  Non-trucking insurance is only available to "insureds" operating under a full-time lease.  It is limited to non-business use of the "insureds" "autos".  It does not afford coverage for any "auto" while being used as a public or livery conveyance.  This policy has been issued in reliance on the representation that the "insured" is under full-time lease, that the lessee has taken possession and control of the "autos", that the lessee is providing insurance covering the "autos" and that the lessee is satisfying all governmental requirements for insurance.

Liability Coverage for a covered "auto" described in the Schedule is changed as follows:

    **1.**    The following exclusions are added:

        This insurance does not apply under any coverage to:

        **a.**    A covered "auto" while used to carry property in any business.

        **b.**    A covered "auto" while used in the business of anyone to whom the "auto" is rented or leased.

        **c.**    A covered "auto" while being operated with permission of any lessee.

        **d.**    A covered "auto" while under dispatch by a lessee, including unladen return trips.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

e.   A covered "auto" under authorization or dispatch when the purpose of the trip of return trip is service, repair or maintenance of the "auto".

2.   Who Is An Insured does not include anyone engaged in the business of transporting property by "auto" or hire who is liable for your conduct.

51.   In addition to the terms, conditions, exclusions, and definitions set forth above, the Policy contains other provisions which Canal may rely on in support of the relief sought herein.

## FIRST CAUSE OF ACTION

**(Declaratory Relief Against Defendant A & R Express – No Duty to Defend)**

52.   Canal incorporates by reference paragraphs 1 through 51 inclusive as though set forth in full herein.

53.   An actual and present controversy has arisen and now exists between Canal and A & R Express concerning their respective rights and obligations under the Policy with respect to the Underlying Lawsuit or the accident which is the subject of the Underlying Lawsuit.  Canal contends it owes no duty to defend A & R Express in connection with the Underlying Lawsuit and subject accident as a result of the Truckers – Insurance For Non-Trucking Use endorsement in the Policy (the "Non-Trucking Use Endorsement") in the Policy.

54.   Under the Non-Trucking Use Endorsement, coverage does not apply, *inter alia,* to a covered "auto" while used to carry property in any business, while used in the business of anyone to whom the "auto" is rented or leased, while being operated with permission of any lessee, or while under dispatch by a lessee.  The Non-Trucking Use Endorsement eliminates any duty to defend by Canal under the Policy in connection with the Underlying Lawsuit and subject accident, including because the Freightliner was being used to carry property as part of a business, was being used while in the business of SA & R Trucking to whom it was leased, was being operated with the permission of SA & R Trucking as lessee, and while under dispatch by SA & R Trucking.

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

55.     Canal also owes no duty to defend the Underlying Lawsuit or in connection with the subject accident in light of other terms, provisions, conditions, exclusions, and endorsements in the Policy.

56.     Canal is informed and believes, and on that basis alleges, that Defendant A & R Express contends that Canal owes them a duty to defend under the Policy in connection with the Underlying Lawsuit and subject accident despite the foregoing.

57.     Canal seeks a judicial declaration regarding the respective rights and duties of the parties under the Policy and, specifically, that Canal did not and does not owe a duty to defend the Underlying Lawsuit and subject accident.  Canal has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against Defendant A & R Express – No Duty To Indemnify)

58.     Canal incorporates by reference paragraphs 1 through 57 inclusive as though set forth in full herein.

59.     An actual and present controversy has arisen and now exists between Canal and Defendant A & R Express concerning the respective rights and obligations under the Policy with respect to the Underlying Lawsuit.  Canal contends it owes no duty to indemnify Defendant A & R Express in connection with the Underlying Lawsuit and subject accident as a result of the Non-Trucking Use Endorsement in the Policy.

60.     Under the Non-Trucking Use Endorsement, coverage does not apply, *inter alia,* to a covered "auto" while used to carry property in any business, while used in the business of anyone to whom the "auto" is rented or leased, while being operated with permission of any lessee, or while under dispatch by a lessee.  The Non-Trucking Use Endorsement eliminates any duty to indemnify by Canal under

-13-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the Policy in connection with the Underlying Lawsuit and subject accident, including because the Freightliner was being used to carry property as part of a business, was being used while in the business of SA & R Trucking to whom it was leased, was being operated with the permission of SA & R Trucking as lessee, and while under dispatch by SA & R Trucking.

61.     Canal also owes no duty to indemnify in connection with the Underlying Lawsuit and subject accident in light of other terms, provisions, conditions, exclusions, and endorsements in the Policy.

62.     Canal is informed and believes, and on that basis alleges, that Defendant A & R Express contends that Canal owes them a duty to indemnify under the Policy in connection with the Underlying Lawsuit despite the foregoing.

63.     Canal seeks a judicial declaration regarding the respective rights and duties of the parties under the Policy and, specifically, that Canal does not owe a duty to indemnify in connection with the Underlying Lawsuit.  Canal has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

### THIRD CAUSE OF ACTION

### (Reimbursement Against Defendant A & R Express)

64.     Canal incorporates by reference paragraphs 1 through 63 inclusive as though set forth in full herein.

65.     Canal's agreement to participate in the defense of the Underlying Lawsuit is subject to a full and complete reservation of rights, including the right to seek reimbursement of amounts incurred in the defense of claims that were not potentially covered under the Policy.

66.     Canal has paid, and will continue to pay, amounts to defend the Underlying Lawsuit which are neither covered nor potentially covered under the Policy, resulting in unjust enrichment to Defendant A & R Express in the amount of such payments.

67.     As a result of such unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of Canal against Defendant A & R Express.

## **PRAYER**

WHEREFORE, Canal prays for judgment as follows:

1.     For a judicial determination that Canal owes no duty to defend A & R Express in connection with the Underlying Lawsuit and subject accident;

2.     For a judicial determination that Canal owes no duty to indemnify A & R Express in connection with the Underlying Lawsuit and subject accident;

3.     For an order that A & R Express is obligated to reimburse Canal for amounts Canal has incurred and will incur in the defense of the Underlying Lawsuit;

4.     For costs of suit incurred in this action, according to proof; and

5.     For such other relief as the Court may deem just and proper.

Dated: June 19, 2019                    GORDON REES SCULLY
                                        MANSUKHANI, LLP


                                        By:  */s/ Matthew S. Foy*
                                             Matthew S. Foy
                                             Jessica L. Meeks
                                        Attorneys for Plaintiff
                                        CANAL INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1185364/45908327v.1

-15-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

## NATURE OF THE ACTION

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201(a), requesting a judgment declaring the respective rights and obligations of the parties in connection with an actual controversy arising under a policy of auto liability insurance issued by Canal to Defendants A & R Express Trucking LLC.

2.      Canal brings this action to obtain a declaration that it has no duty to defend Defendant A & R Express Trucking LLC and A & R Trucking LLC (sometimes collectively referred to as "A & R Express") in connection with an underlying lawsuit entitled *Ali Altaye v. Dora Pensamiento, et al.*, Superior Court of the State of California, County of Santa Clara, Case No. 17CV320494 (the "Underlying Lawsuit") and the injury claims which are the subject of the Underlying Lawsuit.  Canal further brings this action to obtain a declaration that it has no duty to indemnify Defendant A & R Express in connection with the Underlying Lawsuit and the injury claims which are the subject of the Underlying Lawsuit.

3.      This is also an action for reimbursement of amounts paid or to be paid by Canal for defense costs incurred on behalf of Defendant A & R Express in connection with the Underlying Lawsuit.

4.      Canal has named Ali Altaye, SA & R Trucking Company, Dora Pensamiento, Carlos Marroquin, Selvin Marroquin, and Brother's Truck and Trailer Repair as co-defendants in this action as they are all parties to the Underlying Lawsuit and in order to bind them to the declarations sought herein.

## PARTIES, JURISDICTION AND VENUE

5.      Plaintiff Canal is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in South Carolina.

6.      Defendant A & R Express Trucking LLC is a Michigan corporation, with its principal place of business in Michigan.

7.      Defendant A & R Trucking LLC is Michigan corporation, with its principal place of business in Michigan.

-2-

1      8.      Defendant SA & R Trucking Company, Inc. is a Michigan corporation,

2      with its principal place of business in Michigan.

3      9.      Defendant Ali Altaye is the successor in interest to the decedent Sanan

4      Altaye, who was a resident of the County of Livingston, State of Michigan.

5      10.     Defendant Dora Pensamiento is a citizen of and domiciled in the City

6      Gilroy, County of Santa Clara, State of California.

7      11.     Defendant Carlos Marroquin is a citizen of and domiciled in the City

8      Gilroy, County of Santa Clara, State of California.

9      12.     Defendant Selvin Marroquin is a citizen of and domiciled in the City

10     Gilroy, County of Santa Clara, State of California.

11     13.     Defendant Brother's Truck and Trailer Repair is a citizen of and

12     domiciled in the City Gilroy, County of Santa Clara, State of California.

13     14.     This Court has jurisdiction over this matter pursuant to the Court's

14     diversity jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of

15     different states and the amount in controversy exceeds the jurisdictional limits of

16     this Court.

17     15.     Rule 57 of the Federal Rules of Civil Procedure provides that Canal

18     may seek a declaration from this Court as to the rights and obligations among and

19     between the parties in relation to the Canal policy at issue, including, but not limited

20     to, whether Canal has an obligation to provide a defense and/or indemnity to

21     Defendant A & R Express in connection with the claims asserted against them in the

22     Underlying Lawsuit.

23     16.     Venue is proper in this Court pursuant to U.S.C. § 1391 as a substantial

24     part of the events or omissions giving rise to this action occurred in this judicial

25     district.

26                          **THE UNDERLYING LAWSUIT**

27     17.     On December 14, 2017, Plaintiff in the Underlying Lawsuit, Ali Altaye,

28     filed a complaint against Dora Pensamiento, Carlos Marroquin, Jose Marroquin,

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Selvin Marroquin, Brother's Truck and Trailer Repair, Pro Mobile Truck and Trailer Repair, and Marroquin Truck and Trailer Repair alleging wrongful death, survivor action, negligence, intentional infliction of emotional distress, and negligent hiring, retention, and supervision.  On August 23, 2018, Plaintiff filed a First Amended Complaint ("FAC").  Attached and incorporated by reference hereto as Exhibit A is a copy of the FAC in the Underlying Lawsuit.

18.     In his operative First Amended Complaint in the Underlying Lawsuit, Ali Altaye alleges that his deceased son, Sanan Altaye, was employed as a commercial semi-truck driver and operated a 2006 Freightliner Truck ("Freightliner") and 2009 Trailer ("Trailer"), operating as a carrier by authority of the U.S. Department of Transportation, U.S. DOT # 2447033 and Motor Carrier # 873896.

19.     In the Underlying Lawsuit, Ali Altaye alleges that on November 15, 2015, the Freightliner (Plate # RB10013) and Trailer (Plate # D165096) were taken out of operation by the California Highway Patrol ("CHP") after a CHP officer conducted a Driver/Vehicle Examination documenting Freightliner and Trailer braking system violations.  Ali Altaye alleges that as a result, the Freightliner and Trailer were taken out of operation until repaired pursuant to CHP report # CAA148250480.

20.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants held themselves out to the public as providing licensed and certified commercial motor vehicle and trailer tire and brake mechanic mobile services in compliance with Federal Motor Carrier Safety Administration Regulations, the California Vehicle Code, and CHP Regulations.   Ali Altaye alleges that the underlying defendants advertised these services on a bulletin board at the CHP weigh station located in San Martin, California.

21.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants were hired to come to the CHP weigh station to service the brake system

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

on the Freightliner and Trailer and performed an all-brake maintenance service inspection as well as an adjustment to and repair of all brakes, including replacing one right front oil seal and replacing brakes on right axle #5.

22.     In the Underlying Lawsuit, Ali Altaye alleges that defendants represented all defects in the CHP report were repaired and that the Freightliner and Trailer were restored to safe operating condition.

23.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants only replaced two brake shoes on axle #5 and a right front oil seal, although other brakes required brake shoes and/or drum repairs in order to conform to proper manufacturer operating conditions and Federal Motor Carrier Safety Administration Regulations.

24.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants failed to properly perform the all-brake adjustment, service, and brake system repair on the Freightliner and Trailer.

25.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants made representations to Sanan Altaye, including that they performed repairs to the Freightliner and Trailer, that those repaired were properly completed, and the Freightliner and Trailer were in safe operating conditions after the work was completed.

26.     In the Underlying Lawsuit, Ali Altaye alleges that deficiencies in the underlying defendants' service and repairs rendered and affected the brakes in the system causing some brakes to work harder than others, resulting in brake imbalances leading to instability during braking, brake fade, and brake failure during steep mountain descent.

27.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants failed to warn the decedent about the brake system imbalance and that the underlying defendants created the brake system imbalance in conscious disregard for the decedent's rights and safety.

28.     In the Underlying Lawsuit, Ali Altaye alleges that on December 19, 2015, Sanan Altaye drove the Freightliner and Trailer and picked up a load of Bentomat fabric weighing 40,950 pounds from Cetco, located at 92 Highway 37 in Lovell, Wyoming.   Ali Altaye alleges that the total weight for the Freightliner, Trailer, and load was 80,000 pounds.   Ali Altaye alleges that Sanan Altaye was driving the load to Port Reading Terminal at 750 Cliff Road in Port Reading, New Jersey.

29.     In the Underlying Lawsuit, Ali Altaye further alleges that on December 19, 2015, after the underlying defendants performed service and repair on the Freightliner and Trailer, Sanan Altaye drove on Highway 14 near mile post 76 in Wyoming and called 911 for emergency response complaining he was experiencing sudden and unexpected brake system failure.

30.     In the Underlying Lawsuit, Ali Altaye alleges that after the brake system failure, Sanan Altaye was unable to stop the Freightliner and Trailer causing him to lose control and resulting in a collision with a guardrail and subsequent roll over off the highway.

31.     In the Underlying Lawsuit, Ali Altaye alleges that Sanan Altaye (hereafter, "Decedent") was pronounced dead as a result of the accident on December 20, 2015.   Aly Altaye alleges that the Wyoming Highway Patrol concluded that the cause of the accident was brake systems failure, including based on a finding of rusted brakes which had not been serviced or repaired and a brake adjustment on the Trailer which was severely out of regulations.

32.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants were negligent and failed to use reasonable care in inspecting, warning, servicing, adjusting, and repairing the Freightliner and Trailer brakes and braking systems.

33.     In the Underlying Lawsuit, Ali Altaye asserts five causes of action against the underlying defendants for:  (1) Wrongful Death; (2) Survival Action; (3)

-6-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Negligence; (4) Intentional Infliction of Emotional Distress; and (5) Negligent Hiring, Retention, and Supervision.  Ali Ataye prays for damages, punitive damages, prejudgment interest, and attorney's fees and costs in the Underlying Lawsuit.

34.    On November 8, 2018, Ali Altaye dismissed Jose Marroquin, Pro Mobile Truck and Trailer Repair, and Marroquin Truck and Trailer Repair as defendants in the Underlying Lawsuit.

35.    On November 8, 2018, Ali Altaye also dismissed his cause of action for Intentional Infliction of Emotional Distress in the Underlying Lawsuit with prejudice.

36.    On March 22, 2019, underlying defendants Dora Pensamiento, Carlos Marroquin, Selvin Marroquin, and Brother's Truck and Trailer Repair ("Cross-Complainants") filed a cross-complaint (the "Cross-Complaint") in the Underlying Lawsuit against SA & R Trucking Company Inc., A & R Express Trucking Co., Inc., and A & R Trucking LLC (the "Cross-Defendants").

37.    In the underlying Cross-Complaint, Cross-Complainants allege that Cross-Defendants owned, operated, managed, or maintained the Freightliner and Trailer.

38.    In the underlying Cross-Complaint, Cross-Complainants allege that on or about November 18, 2015, the Decedent was acting in the course and scope of his relationship with Cross-Defendants and was commercially transporting goods when the Freightliner and Trailer were taken out of service by the California Highway Patrol for brake problems.

39.    In the underlying Cross-Complaint, Cross-Complainants deny responsibility for the damages alleged by Ali Altaye in his FAC in the Underlying Lawsuit.  Cross-Complainants further allege, however, that if they are responsible to Ali Altaye, then they are entitled to indemnity from Cross-Defendants.

//

//

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

40.     In the underlying Cross-Complaint, Cross-Complainants have asserted causes of action against Cross-Defendants for equitable indemnity, comparative contribution, apportionment, tort of another, and declaratory relief.

## TENDER OF THE UNDERLYING LAWSUIT

41.     By letter dated on or about March 29, 2019, A & R Express requested that Canal defend and indemnify it in connection with the Underlying Lawsuit under an insurance policy more specifically described below.

42.     By letter dated on or about May 14, 2019, Canal acknowledged receipt of the tender of the Underlying Lawsuit and advised that it was investigating coverage subject to a reservation of rights.

43.     By letter dated May 14, 2019, Canal issued its coverage position letter in response to the tender of the Underlying Lawsuit and agreed to defend A & R Express in that lawsuit subject to a full and complete reservation of rights.

## THE POLICY

44.     Canal issued Commercial Automobile Insurance Policy, policy no. PIA08311001, to A & R Express Trucking LLC in Greensboro, North Carolina, which was originally in force for the policy period November 25, 2015 to November 25, 2016 (the "Policy").  The Policy affords Business Auto Coverage subject to a Limit of Liability of $1 million any accident or loss.  Attached and incorporated by reference hereto as Exhibit B is a true and correct copy of the Policy, including Policy Change Nos. 1-7.

45.     By Policy Change Nos. 1 and 5, dated December 4, 2015 and January 13, 2016, respectively, the Policy adds 2006 Freightliner 1FUJBBCK66LW77965 Tractor as Specifically Described Covered Auto No. 2 with the Auto Designation Symbol "7" and states "UNL" with respect to "Radius of Operations" and "Greensboro, NC" with respect to where the Freightliner would be principally garaged.  The Classification for the Freightliner is "Non-Trucking."

-8-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

46.     By Policy Change No. 2, the Policy changed the Named Insured from Ali Adnan to A & R Trucking Inc.

47.     By Policy Change No. 3, the Policy changed the Named Insured from A & R Trucking Inc. to A & R Express Trucking LLC.

48.     By Policy Change No. 7, the Policy was cancelled effective March 21, 2016, as a result of the insured's request for cancellation.

49.     The Policy affords Business Auto Coverage to A & R Express Trucking LLC pursuant to Commercial Automobile Insurance Policy form CA 00 01 10 13, which provides, in part, as follows:

## BUSINESS AUTO COVERAGE FORM

### SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. …

### A.     Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols |
|---|---|
| **7** | Specifically Described "Autos"<br><br>Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

\*\*\*

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

### A.     Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against any "suit" asking for such damages ….. However, we have no duty to defend any "insured" against any "suit" seeking damages for "bodily injury" or "property damage" … to which this insurance

-9-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

does not apply.  We may investigate and settle any claim or "suit" as we consider appropriate.  Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\* \* \*

## SECTION V – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

    **1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

    **2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

\* \* \*

**F.** "Employee" includes a "leased worker".  "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. …

\* \* \*

**M.** "Property damage" means damage to or loss of use of tangible property.

**N.** "Suit" means a civil proceeding in which:

    **1.** Damages because of "bodily injury" or "property damage"; or

    **2.** A "covered pollution cost or expense";

to which this insurance applies, are alleged.

\* \* \*

50.   The Policy includes a Truckers – Insurance For Non-Trucking Use endorsement, Form IA 13 CW 0906, which provides as follows:

### Truckers – Insurance For Non-Trucking Use

-10-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE PART

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: 11/25/2015 | Countersigned by: <br> Piedmont Transportation Underwriters, Inc. <br> (Authorized Representative) |
|---|---|
| Named Insured:  Ali Adnan | |

## WARNING:  IMPORTANT NOTICE

The policy to which this endorsement is attached is supplemental insurance and does not afford full-time protection.  Non-trucking insurance is only available to "insureds" operating under a full-time lease.  It is limited to non-business use of the "insureds" "autos".  It does not afford coverage for any "auto" while being used as a public or livery conveyance.  This policy has been issued in reliance on the representation that the "insured" is under full-time lease, that the lessee has taken possession and control of the "autos", that the lessee is providing insurance covering the "autos" and that the lessee is satisfying all governmental requirements for insurance.

Liability Coverage for a covered "auto" described in the Schedule is changed as follows:

1.   The following exclusions are added:

This insurance does not apply under any coverage to:

a.   A covered "auto" while used to carry property in any business.

b.   A covered "auto" while used in the business of anyone to whom the "auto" is rented or leased.

c.   A covered "auto" while being operated with permission of any lessee.

d.   A covered "auto" while under dispatch by a lessee, including unladen return trips.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

e. A covered "auto" under authorization or dispatch when the purpose of the trip of return trip is service, repair or maintenance of the "auto".

**2.** Who Is An Insured does not include anyone engaged in the business of transporting property by "auto" or hire who is liable for your conduct.

51. In addition to the terms, conditions, exclusions, and definitions set forth above, the Policy contains other provisions which Canal may rely on in support of the relief sought herein.

## FIRST CAUSE OF ACTION

**(Declaratory Relief Against Defendant A & R Express – No Duty to Defend)**

52. Canal incorporates by reference paragraphs 1 through 51 inclusive as though set forth in full herein.

53. An actual and present controversy has arisen and now exists between Canal and A & R Express concerning their respective rights and obligations under the Policy with respect to the Underlying Lawsuit or the accident which is the subject of the Underlying Lawsuit. Canal contends it owes no duty to defend A & R Express in connection with the Underlying Lawsuit and subject accident as a result of the Truckers – Insurance For Non-Trucking Use endorsement in the Policy (the "Non-Trucking Use Endorsement") in the Policy.

54. Under the Non-Trucking Use Endorsement, coverage does not apply, *inter alia,* to a covered "auto" while used to carry property in any business, while used in the business of anyone to whom the "auto" is rented or leased, while being operated with permission of any lessee, or while under dispatch by a lessee. The Non-Trucking Use Endorsement eliminates any duty to defend by Canal under the Policy in connection with the Underlying Lawsuit and subject accident, including because the Freightliner was being used to carry property as part of a business, was being used while in the business of SA & R Trucking to whom it was leased, was being operated with the permission of SA & R Trucking as lessee, and while under dispatch by SA & R Trucking.

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

-12-

55.     Canal also owes no duty to defend the Underlying Lawsuit or in connection with the subject accident in light of other terms, provisions, conditions, exclusions, and endorsements in the Policy.

56.     Canal is informed and believes, and on that basis alleges, that Defendant A & R Express contends that Canal owes them a duty to defend under the Policy in connection with the Underlying Lawsuit and subject accident despite the foregoing.

57.     Canal seeks a judicial declaration regarding the respective rights and duties of the parties under the Policy and, specifically, that Canal did not and does not owe a duty to defend the Underlying Lawsuit and subject accident.  Canal has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against Defendant A & R Express – No Duty To Indemnify)

58.     Canal incorporates by reference paragraphs 1 through 57 inclusive as though set forth in full herein.

59.     An actual and present controversy has arisen and now exists between Canal and Defendant A & R Express concerning the respective rights and obligations under the Policy with respect to the Underlying Lawsuit.  Canal contends it owes no duty to indemnify Defendant A & R Express in connection with the Underlying Lawsuit and subject accident as a result of the Non-Trucking Use Endorsement in the Policy.

60.     Under the Non-Trucking Use Endorsement, coverage does not apply, *inter alia,* to a covered "auto" while used to carry property in any business, while used in the business of anyone to whom the "auto" is rented or leased, while being operated with permission of any lessee, or while under dispatch by a lessee.  The Non-Trucking Use Endorsement eliminates any duty to indemnify by Canal under

-13-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the Policy in connection with the Underlying Lawsuit and subject accident, including because the Freightliner was being used to carry property as part of a business, was being used while in the business of SA & R Trucking to whom it was leased, was being operated with the permission of SA & R Trucking as lessee, and while under dispatch by SA & R Trucking.

61.   Canal also owes no duty to indemnify in connection with the Underlying Lawsuit and subject accident in light of other terms, provisions, conditions, exclusions, and endorsements in the Policy.

62.   Canal is informed and believes, and on that basis alleges, that Defendant A & R Express contends that Canal owes them a duty to indemnify under the Policy in connection with the Underlying Lawsuit despite the foregoing.

63.   Canal seeks a judicial declaration regarding the respective rights and duties of the parties under the Policy and, specifically, that Canal does not owe a duty to indemnify in connection with the Underlying Lawsuit.  Canal has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

## THIRD CAUSE OF ACTION

### (Reimbursement Against Defendant A & R Express)

64.   Canal incorporates by reference paragraphs 1 through 63 inclusive as though set forth in full herein.

65.   Canal's agreement to participate in the defense of the Underlying Lawsuit is subject to a full and complete reservation of rights, including the right to seek reimbursement of amounts incurred in the defense of claims that were not potentially covered under the Policy.

66.   Canal has paid, and will continue to pay, amounts to defend the Underlying Lawsuit which are neither covered nor potentially covered under the Policy, resulting in unjust enrichment to Defendant A & R Express in the amount of such payments.

67.     As a result of such unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of Canal against Defendant A & R Express.

## **PRAYER**

WHEREFORE, Canal prays for judgment as follows:

1.     For a judicial determination that Canal owes no duty to defend A & R Express in connection with the Underlying Lawsuit and subject accident;

2.     For a judicial determination that Canal owes no duty to indemnify A & R Express in connection with the Underlying Lawsuit and subject accident;

3.     For an order that A & R Express is obligated to reimburse Canal for amounts Canal has incurred and will incur in the defense of the Underlying Lawsuit;

4.     For costs of suit incurred in this action, according to proof; and

5.     For such other relief as the Court may deem just and proper.


Dated: June 19, 2019                    GORDON REES SCULLY
                                        MANSUKHANI, LLP


                                        By:  */s/ Matthew S. Foy*
                                             Matthew S. Foy
                                             Jessica L. Meeks
                                        Attorneys for Plaintiff
                                        CANAL INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1185364/45908327v.1

-15-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## NATURE OF THE ACTION

1.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201(a), requesting a judgment declaring the respective rights and obligations of the parties in connection with an actual controversy arising under a policy of auto liability insurance issued by Canal to Defendants A & R Express Trucking LLC.

2.     Canal brings this action to obtain a declaration that it has no duty to defend Defendant A & R Express Trucking LLC and A & R Trucking LLC (sometimes collectively referred to as "A & R Express") in connection with an underlying lawsuit entitled *Ali Altaye v. Dora Pensamiento, et al.*, Superior Court of the State of California, County of Santa Clara, Case No. 17CV320494 (the "Underlying Lawsuit") and the injury claims which are the subject of the Underlying Lawsuit.  Canal further brings this action to obtain a declaration that it has no duty to indemnify Defendant A & R Express in connection with the Underlying Lawsuit and the injury claims which are the subject of the Underlying Lawsuit.

3.     This is also an action for reimbursement of amounts paid or to be paid by Canal for defense costs incurred on behalf of Defendant A & R Express in connection with the Underlying Lawsuit.

4.     Canal has named Ali Altaye, SA & R Trucking Company, Dora Pensamiento, Carlos Marroquin, Selvin Marroquin, and Brother's Truck and Trailer Repair as co-defendants in this action as they are all parties to the Underlying Lawsuit and in order to bind them to the declarations sought herein.

## PARTIES, JURISDICTION AND VENUE

5.     Plaintiff Canal is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in South Carolina.

6.     Defendant A & R Express Trucking LLC is a Michigan corporation, with its principal place of business in Michigan.

7.     Defendant A & R Trucking LLC is Michigan corporation, with its principal place of business in Michigan.

-2-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

8.    Defendant SA & R Trucking Company, Inc. is a Michigan corporation, with its principal place of business in Michigan.

9.    Defendant Ali Altaye is the successor in interest to the decedent Sanan Altaye, who was a resident of the County of Livingston, State of Michigan.

10.    Defendant Dora Pensamiento is a citizen of and domiciled in the City Gilroy, County of Santa Clara, State of California.

11.    Defendant Carlos Marroquin is a citizen of and domiciled in the City Gilroy, County of Santa Clara, State of California.

12.    Defendant Selvin Marroquin is a citizen of and domiciled in the City Gilroy, County of Santa Clara, State of California.

13.    Defendant Brother's Truck and Trailer Repair is a citizen of and domiciled in the City Gilroy, County of Santa Clara, State of California.

14.    This Court has jurisdiction over this matter pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limits of this Court.

15.    Rule 57 of the Federal Rules of Civil Procedure provides that Canal may seek a declaration from this Court as to the rights and obligations among and between the parties in relation to the Canal policy at issue, including, but not limited to, whether Canal has an obligation to provide a defense and/or indemnity to Defendant A & R Express in connection with the claims asserted against them in the Underlying Lawsuit.

16.    Venue is proper in this Court pursuant to U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## THE UNDERLYING LAWSUIT

17.    On December 14, 2017, Plaintiff in the Underlying Lawsuit, Ali Altaye, filed a complaint against Dora Pensamiento, Carlos Marroquin, Jose Marroquin,

-3-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Selvin Marroquin, Brother's Truck and Trailer Repair, Pro Mobile Truck and Trailer Repair, and Marroquin Truck and Trailer Repair alleging wrongful death, survivor action, negligence, intentional infliction of emotional distress, and negligent hiring, retention, and supervision.  On August 23, 2018, Plaintiff filed a First Amended Complaint ("FAC").  Attached and incorporated by reference hereto as Exhibit A is a copy of the FAC in the Underlying Lawsuit.

18.     In his operative First Amended Complaint in the Underlying Lawsuit, Ali Altaye alleges that his deceased son, Sanan Altaye, was employed as a commercial semi-truck driver and operated a 2006 Freightliner Truck ("Freightliner") and 2009 Trailer ("Trailer"), operating as a carrier by authority of the U.S. Department of Transportation, U.S. DOT # 2447033 and Motor Carrier # 873896.

19.     In the Underlying Lawsuit, Ali Altaye alleges that on November 15, 2015, the Freightliner (Plate # RB10013) and Trailer (Plate # D165096) were taken out of operation by the California Highway Patrol ("CHP") after a CHP officer conducted a Driver/Vehicle Examination documenting Freightliner and Trailer braking system violations.  Ali Altaye alleges that as a result, the Freightliner and Trailer were taken out of operation until repaired pursuant to CHP report # CAA148250480.

20.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants held themselves out to the public as providing licensed and certified commercial motor vehicle and trailer tire and brake mechanic mobile services in compliance with Federal Motor Carrier Safety Administration Regulations, the California Vehicle Code, and CHP Regulations.   Ali Altaye alleges that the underlying defendants advertised these services on a bulletin board at the CHP weigh station located in San Martin, California.

21.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants were hired to come to the CHP weigh station to service the brake system

-4-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    on the Freightliner and Trailer and performed an all-brake maintenance service

2    inspection as well as an adjustment to and repair of all brakes, including replacing

3    one right front oil seal and replacing brakes on right axle #5.

4          22.    In the Underlying Lawsuit, Ali Altaye alleges that defendants

5    represented all defects in the CHP report were repaired and that the Freightliner and

6    Trailer were restored to safe operating condition.

7          23.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying

8    defendants only replaced two brake shoes on axle #5 and a right front oil seal,

9    although other brakes required brake shoes and/or drum repairs in order to conform

10    to proper manufacturer operating conditions and Federal Motor Carrier Safety

11    Administration Regulations.

12          24.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying

13    defendants failed to properly perform the all-brake adjustment, service, and brake

14    system repair on the Freightliner and Trailer.

15          25.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying

16    defendants made representations to Sanan Altaye, including that they performed

17    repairs to the Freightliner and Trailer, that those repaired were properly completed,

18    and the Freightliner and Trailer were in safe operating conditions after the work was

19    completed.

20          26.    In the Underlying Lawsuit, Ali Altaye alleges that deficiencies in the

21    underlying defendants' service and repairs rendered and affected the brakes in the

22    system causing some brakes to work harder than others, resulting in brake

23    imbalances leading to instability during braking, brake fade, and brake failure during

24    steep mountain descent.

25          27.    In the Underlying Lawsuit, Ali Altaye alleges that the underlying

26    defendants failed to warn the decedent about the brake system imbalance and that

27    the underlying defendants created the brake system imbalance in conscious disregard

28    for the decedent's rights and safety.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

28.     In the Underlying Lawsuit, Ali Altaye alleges that on December 19, 2015, Sanan Altaye drove the Freightliner and Trailer and picked up a load of Bentomat fabric weighing 40,950 pounds from Cetco, located at 92 Highway 37 in Lovell, Wyoming.  Ali Altaye alleges that the total weight for the Freightliner, Trailer, and load was 80,000 pounds.  Ali Altaye alleges that Sanan Altaye was driving the load to Port Reading Terminal at 750 Cliff Road in Port Reading, New Jersey.

29.     In the Underlying Lawsuit, Ali Altaye further alleges that on December 19, 2015, after the underlying defendants performed service and repair on the Freightliner and Trailer, Sanan Altaye drove on Highway 14 near mile post 76 in Wyoming and called 911 for emergency response complaining he was experiencing sudden and unexpected brake system failure.

30.     In the Underlying Lawsuit, Ali Altaye alleges that after the brake system failure, Sanan Altaye was unable to stop the Freightliner and Trailer causing him to lose control and resulting in a collision with a guardrail and subsequent roll over off the highway.

31.     In the Underlying Lawsuit, Ali Altaye alleges that Sanan Altaye (hereafter, "Decedent") was pronounced dead as a result of the accident on December 20, 2015.  Aly Altaye alleges that the Wyoming Highway Patrol concluded that the cause of the accident was brake systems failure, including based on a finding of rusted brakes which had not been serviced or repaired and a brake adjustment on the Trailer which was severely out of regulations.

32.     In the Underlying Lawsuit, Ali Altaye alleges that the underlying defendants were negligent and failed to use reasonable care in inspecting, warning, servicing, adjusting, and repairing the Freightliner and Trailer brakes and braking systems.

33.     In the Underlying Lawsuit, Ali Altaye asserts five causes of action against the underlying defendants for:  (1) Wrongful Death; (2) Survival Action; (3)

-6-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Negligence; (4) Intentional Infliction of Emotional Distress; and (5) Negligent Hiring, Retention, and Supervision.  Ali Ataye prays for damages, punitive damages, prejudgment interest, and attorney's fees and costs in the Underlying Lawsuit.

34.    On November 8, 2018, Ali Altaye dismissed Jose Marroquin, Pro Mobile Truck and Trailer Repair, and Marroquin Truck and Trailer Repair as defendants in the Underlying Lawsuit.

35.    On November 8, 2018, Ali Altaye also dismissed his cause of action for Intentional Infliction of Emotional Distress in the Underlying Lawsuit with prejudice.

36.    On March 22, 2019, underlying defendants Dora Pensamiento, Carlos Marroquin, Selvin Marroquin, and Brother's Truck and Trailer Repair ("Cross-Complainants") filed a cross-complaint (the "Cross-Complaint") in the Underlying Lawsuit against SA & R Trucking Company Inc., A & R Express Trucking Co., Inc., and A & R Trucking LLC (the "Cross-Defendants").

37.    In the underlying Cross-Complaint, Cross-Complainants allege that Cross-Defendants owned, operated, managed, or maintained the Freightliner and Trailer.

38.    In the underlying Cross-Complaint, Cross-Complainants allege that on or about November 18, 2015, the Decedent was acting in the course and scope of his relationship with Cross-Defendants and was commercially transporting goods when the Freightliner and Trailer were taken out of service by the California Highway Patrol for brake problems.

39.    In the underlying Cross-Complaint, Cross-Complainants deny responsibility for the damages alleged by Ali Altaye in his FAC in the Underlying Lawsuit.  Cross-Complainants further allege, however, that if they are responsible to Ali Altaye, then they are entitled to indemnity from Cross-Defendants.

//

//

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

40.    In the underlying Cross-Complaint, Cross-Complainants have asserted causes of action against Cross-Defendants for equitable indemnity, comparative contribution, apportionment, tort of another, and declaratory relief.

### TENDER OF THE UNDERLYING LAWSUIT

41.    By letter dated on or about March 29, 2019, A & R Express requested that Canal defend and indemnify it in connection with the Underlying Lawsuit under an insurance policy more specifically described below.

42.    By letter dated on or about May 14, 2019, Canal acknowledged receipt of the tender of the Underlying Lawsuit and advised that it was investigating coverage subject to a reservation of rights.

43.    By letter dated May 14, 2019, Canal issued its coverage position letter in response to the tender of the Underlying Lawsuit and agreed to defend A & R Express in that lawsuit subject to a full and complete reservation of rights.

### THE POLICY

44.    Canal issued Commercial Automobile Insurance Policy, policy no. PIA08311001, to A & R Express Trucking LLC in Greensboro, North Carolina, which was originally in force for the policy period November 25, 2015 to November 25, 2016 (the "Policy").  The Policy affords Business Auto Coverage subject to a Limit of Liability of $1 million any accident or loss.  Attached and incorporated by reference hereto as Exhibit B is a true and correct copy of the Policy, including Policy Change Nos. 1-7.

45.    By Policy Change Nos. 1 and 5, dated December 4, 2015 and January 13, 2016, respectively, the Policy adds 2006 Freightliner 1FUJBBCK66LW77965 Tractor as Specifically Described Covered Auto No. 2 with the Auto Designation Symbol "7" and states "UNL" with respect to "Radius of Operations" and "Greensboro, NC" with respect to where the Freightliner would be principally garaged.  The Classification for the Freightliner is "Non-Trucking."

-8-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

46.     By Policy Change No. 2, the Policy changed the Named Insured from Ali Adnan to A & R Trucking Inc.

47.     By Policy Change No. 3, the Policy changed the Named Insured from A & R Trucking Inc. to A & R Express Trucking LLC.

48.     By Policy Change No. 7, the Policy was cancelled effective March 21, 2016, as a result of the insured's request for cancellation.

49.     The Policy affords Business Auto Coverage to A & R Express Trucking LLC pursuant to Commercial Automobile Insurance Policy form CA 00 01 10 13, which provides, in part, as follows:

## BUSINESS AUTO COVERAGE FORM

### SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. …

### A.     Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols |
|--------|--------------------------------------------------|
| 7 | Specifically Described "Autos" <br><br> Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

\*\*\*

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

### A.     Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against any "suit" asking for such damages ….. However, we have no duty to defend any "insured" against any "suit" seeking damages for "bodily injury" or "property damage" … to which this insurance

-9-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

does not apply.  We may investigate and settle any claim or "suit" as we consider appropriate.  Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\* \* \*

## SECTION V – DEFINITIONS

**A.**    "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.**    "Auto" means:

**1.**    A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

\* \* \*

**F.**    "Employee" includes a "leased worker".  "Employee" does not include a "temporary worker".

**G.**    "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. …

\* \* \*

**M.**    "Property damage" means damage to or loss of use of tangible property.

**N.**    "Suit" means a civil proceeding in which:

**1.**    Damages because of "bodily injury" or "property damage"; or

**2.**    A "covered pollution cost or expense";

to which this insurance applies, are alleged.

\* \* \*

50.    The Policy includes a Truckers – Insurance For Non-Trucking Use endorsement, Form IA 13 CW 0906, which provides as follows:

### Truckers – Insurance For Non-Trucking Use

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE PART

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: 11/25/2015 | Countersigned by:<br><br>Piedmont Transportation Underwriters, Inc.<br><br>    (Authorized Representative) |
|---|---|
| Named Insured:  Ali Adnan | |

## WARNING:  IMPORTANT NOTICE

The policy to which this endorsement is attached is supplemental insurance and does not afford full-time protection.  Non-trucking insurance is only available to "insureds" operating under a full-time lease.  It is limited to non-business use of the "insureds" "autos".  It does not afford coverage for any "auto" while being used as a public or livery conveyance.  This policy has been issued in reliance on the representation that the "insured" is under full-time lease, that the lessee has taken possession and control of the "autos", that the lessee is providing insurance covering the "autos" and that the lessee is satisfying all governmental requirements for insurance.

Liability Coverage for a covered "auto" described in the Schedule is changed as follows:

    **1.**    The following exclusions are added:

        This insurance does not apply under any coverage to:

        **a.**    A covered "auto" while used to carry property in any business.

        **b.**    A covered "auto" while used in the business of anyone to whom the "auto" is rented or leased.

        **c.**    A covered "auto" while being operated with permission of any lessee.

        **d.**    A covered "auto" while under dispatch by a lessee, including unladen return trips.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

e.   A covered "auto" under authorization or dispatch when the purpose of the trip of return trip is service, repair or maintenance of the "auto".

2.   Who Is An Insured does not include anyone engaged in the business of transporting property by "auto" or hire who is liable for your conduct.

51.   In addition to the terms, conditions, exclusions, and definitions set forth above, the Policy contains other provisions which Canal may rely on in support of the relief sought herein.

## FIRST CAUSE OF ACTION

### (Declaratory Relief Against Defendant A & R Express – No Duty to Defend)

52.   Canal incorporates by reference paragraphs 1 through 51 inclusive as though set forth in full herein.

53.   An actual and present controversy has arisen and now exists between Canal and A & R Express concerning their respective rights and obligations under the Policy with respect to the Underlying Lawsuit or the accident which is the subject of the Underlying Lawsuit.  Canal contends it owes no duty to defend A & R Express in connection with the Underlying Lawsuit and subject accident as a result of the Truckers – Insurance For Non-Trucking Use endorsement in the Policy (the "Non-Trucking Use Endorsement") in the Policy.

54.   Under the Non-Trucking Use Endorsement, coverage does not apply, *inter alia,* to a covered "auto" while used to carry property in any business, while used in the business of anyone to whom the "auto" is rented or leased, while being operated with permission of any lessee, or while under dispatch by a lessee.  The Non-Trucking Use Endorsement eliminates any duty to defend by Canal under the Policy in connection with the Underlying Lawsuit and subject accident, including because the Freightliner was being used to carry property as part of a business, was being used while in the business of SA & R Trucking to whom it was leased, was being operated with the permission of SA & R Trucking as lessee, and while under dispatch by SA & R Trucking.

-12-

55.     Canal also owes no duty to defend the Underlying Lawsuit or in connection with the subject accident in light of other terms, provisions, conditions, exclusions, and endorsements in the Policy.

56.     Canal is informed and believes, and on that basis alleges, that Defendant A & R Express contends that Canal owes them a duty to defend under the Policy in connection with the Underlying Lawsuit and subject accident despite the foregoing.

57.     Canal seeks a judicial declaration regarding the respective rights and duties of the parties under the Policy and, specifically, that Canal did not and does not owe a duty to defend the Underlying Lawsuit and subject accident.  Canal has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against Defendant A & R Express – No Duty To Indemnify)

58.     Canal incorporates by reference paragraphs 1 through 57 inclusive as though set forth in full herein.

59.     An actual and present controversy has arisen and now exists between Canal and Defendant A & R Express concerning the respective rights and obligations under the Policy with respect to the Underlying Lawsuit.  Canal contends it owes no duty to indemnify Defendant A & R Express in connection with the Underlying Lawsuit and subject accident as a result of the Non-Trucking Use Endorsement in the Policy.

60.     Under the Non-Trucking Use Endorsement, coverage does not apply, *inter alia,* to a covered "auto" while used to carry property in any business, while used in the business of anyone to whom the "auto" is rented or leased, while being operated with permission of any lessee, or while under dispatch by a lessee.  The Non-Trucking Use Endorsement eliminates any duty to indemnify by Canal under

-13-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   the Policy in connection with the Underlying Lawsuit and subject accident, including

2   because the Freightliner was being used to carry property as part of a business, was

3   being used while in the business of SA & R Trucking to whom it was leased, was

4   being operated with the permission of SA & R Trucking as lessee, and while under

5   dispatch by SA & R Trucking.

6        61.    Canal also owes no duty to indemnify in connection with the

7   Underlying Lawsuit and subject accident in light of other terms, provisions,

8   conditions, exclusions, and endorsements in the Policy.

9        62.    Canal is informed and believes, and on that basis alleges, that

10  Defendant A & R Express contends that Canal owes them a duty to indemnify under

11  the Policy in connection with the Underlying Lawsuit despite the foregoing.

12       63.    Canal seeks a judicial declaration regarding the respective rights and

13  duties of the parties under the Policy and, specifically, that Canal does not owe a

14  duty to indemnify in connection with the Underlying Lawsuit.  Canal has no

15  adequate remedy at law and a judicial declaration is necessary and appropriate at this

16  time.

17                         **THIRD CAUSE OF ACTION**

18            **(Reimbursement Against Defendant A & R Express)**

19       64.    Canal incorporates by reference paragraphs 1 through 63 inclusive as

20  though set forth in full herein.

21       65.    Canal's agreement to participate in the defense of the Underlying

22  Lawsuit is subject to a full and complete reservation of rights, including the right to

23  seek reimbursement of amounts incurred in the defense of claims that were not

24  potentially covered under the Policy.

25       66.    Canal has paid, and will continue to pay, amounts to defend the

26  Underlying Lawsuit which are neither covered nor potentially covered under the

27  Policy, resulting in unjust enrichment to Defendant A & R Express in the amount of

28  such payments.

67.    As a result of such unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of Canal against Defendant A & R Express.

## **PRAYER**

WHEREFORE, Canal prays for judgment as follows:

1.    For a judicial determination that Canal owes no duty to defend A & R Express in connection with the Underlying Lawsuit and subject accident;

2.    For a judicial determination that Canal owes no duty to indemnify A & R Express in connection with the Underlying Lawsuit and subject accident;

3.    For an order that A & R Express is obligated to reimburse Canal for amounts Canal has incurred and will incur in the defense of the Underlying Lawsuit;

4.    For costs of suit incurred in this action, according to proof; and

5.    For such other relief as the Court may deem just and proper.

Dated: June 19, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Matthew S. Foy*
Matthew S. Foy
Jessica L. Meeks
Attorneys for Plaintiff
CANAL INSURANCE COMPANY

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1185364/45908327v.1