UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANAL INSURANCE CO, | Case No. 5:19-cv-03571-EJD |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT ALI ALTAYE'S MOTION TO DISMISS** |
| A&R EXPRESS TRUCKING LLC, et al., | Re: Dkt. No. 48 |
| Defendants. | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Ali Altaye ("Altaye") moves this Court to dismiss Plaintiff Canal Insurance Company's ("Canal") complaint for failure to state a claim on which relief can be granted. The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Altaye's motion is **DENIED**.

**I.   Background**

This is an insurance coverage declaratory relief action in which Canal seeks declarations that it owes no duty to defend or indemnify defendants A & R Express Trucking LLC ("A&R Express") and A & R Trucking LLC (collectively, "A&R") under a commercial automobile insurance policy in connection with an underlying lawsuit titled *Ali Altaye v. Dora Pensamiento, et al.*, Superior Court of the State of California, County of Santa Clara, Case No. 17-cv-320494 (the "Underlying Lawsuit") or the injury claims that are the subject of the Underlying Lawsuit. *See* Complaint, Dkt. No. 1. Canal also seeks reimbursement of defense costs incurred on A&R's behalf in connection with the Underlying Lawsuit. In his motion to dismiss (Dkt. No. 48, the "Motion"), Altaye argues that the claims in the Complaint were already litigated in a separate

CASE NO.: 5:19-CV-03571-EJD
ORDER DENYING DEFENDANT ALI ALTAYE'S MOTION TO DISMISS

United States District Court
Northern District of California

1  lawsuit in Michigan state court titled *Ali Altaye v. SA&R Trucking Company, Inc., et al.*, State of

2  Michigan Circuit Court, County of Wayne, Case No. 16-006878-NI (the "Michigan Lawsuit").

3       A brief recitation of the facts and procedural history of both the Underlying Lawsuit and

4  the Michigan Lawsuit is necessary to understand the present dispute.

5       **A. Judicial Notice**

6       As an initial matter, both parties attached to their submissions multiple documents that

7  were not referenced in the Complaint.  Altaye attached ten exhibits to his Motion, all of which

8  Canal expressly objected to in its Opposition to the Motion (Dkt. No. 55, "Opposition").  At the

9  same time as it filed its Opposition, Canal filed a Request for Judicial Notice (Dkt. No. 55-1,

10  "RJN"), attaching ten documents, some of which were the same as those that Altaye had attached

11  to his Motion.  The Court first considers which of these documents may be properly considered on

12  a motion to dismiss.

13       Generally, district courts may not consider material outside the pleadings when assessing

14  the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Lee v.*

15  *City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  A court may consider material outside of the

16  pleadings, however, if the court may take judicial notice of that material.  *Khoja v. Orexigen*

17  *Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Courts may take judicial notice of matters

18  that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  "Courts have consistently held

19  that courts may take judicial notice of documents filed in other court proceedings. . . . While the

20  court cannot accept the veracity of the representations made in the documents, it may properly

21  take judicial notice of the existence of those documents and of the representations having been

22  made therein."  *Johnson v. Cty. of Santa Clara*, No. 5:18-cv-06264-EJD, 2020 WL 870933, at *1

23  (N.D. Cal. Feb. 21, 2020) (citing *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 984

24  (E.D. Cal. 2012)) (string citation and quotations omitted).

25       The Court will take judicial notice of the existence of the Michigan Lawsuit, the

26  Underlying Lawsuit, and certain documents filed therein.  This includes:

27          •  The First Amended Complaint in the Wayne County Circuit Court case, dated

28  CASE NO.: 5:19-CV-03571-EJD
ORDER DENYING DEFENDANT ALI ALTAYE'S MOTION TO DISMISS

2

August 2, 2016 (RJN, Ex. B);

- Canal's Cross Complaint against A&R in the Wayne County Circuit Court, dated, September 16, 2016 (Motion, Ex. 8; RJN, Ex. 2);

- The Wayne County Circuit Court Opinion and Order, dated March 16, 2018 (Motion, Ex. 6);

- The Wayne County Circuit Court Opinion and Order, dated August 9, 2018 (RJN, Ex. F);

- The Wayne County Circuit Court Order of Dismissal as to Canal With Prejudice, dated November 14, 2018 (Motion, Ex. 7; RJN, Ex. G);

- Appellate Docket Sheet from the website of the Court of Appeals for the State of Michigan for case No. 346797, filed December 13, 2018 (RJN, Ex. I);

- Cross-Complaint of Dora Pensamiento, Carlos Marroquin, and Selvin Marroquin and Brother's Truck and Trailer Repair in Santa Clara County Superior Court, dated March 22, 2019  (RJN, Ex. J);

- Stipulation and Order of Dismissal, dated November 29, 2019 (RJN, Ex. H);

- Canal's Brief on Appeal in Response to Cross-Appellants A&R's Cross-Appeal, dated October 8, 2019 (Motion, Ex. 9).

The Court considers the arguments, analysis, and legal rulings made in those documents.  The Court does not take judicial notice of any factual allegations contained in any of these documents. The remainder of the documents the parties put forward are not relevant to the Court's analysis, and therefore, the Court declines to take judicial notice of those documents.

   **B.  The Underlying Lawsuit**

   On December 14, 2017, Altaye filed the Underlying Lawsuit against Dora Pensamiento, Carlos Marroquin, Selvin Marroquin, Brother's Truck and Trailer Repair (together, the "Underlying Defendants")[1] for claims arising out of an automobile accident that resulted in the

---

[1] The Underlying Lawsuit originally also named Jose Marroquin, Pro Mobile Truck and Trailer Repair, and Marroquin Truck and Trailer Repair as defendants, but those defendants have since

death of Altaye's son, Sanan Altaye ("Sanan").  Compl. ¶ 17.  The complaint in the Underlying

Lawsuit alleges that on December 19, 2015, Sanan was driving a 2006 Freightliner Truck

("Freightliner") and 2009 Trailer ("Trailer") carrying a load of fabric for delivery to New Jersey.

*Id.* ¶¶ 18, 28.  While driving on a highway in Wyoming, the Freightliner's brakes suddenly failed,

causing Sanan to lose control, collide with a guardrail and subsequently roll over off the highway.

*Id.* ¶ 30.  On December 20, 2015, Sanan died from his injuries resulting from the accident.  *Id.* ¶

31.

The complaint in the Underlying Lawsuit alleges that before the accident, the Underlying

Defendants serviced the brake system on the Freightliner and Trailer and represented that both

were in safe operating condition.  *Id.* ¶¶ 21-22.  Altaye brought claims against the Underlying

Defendants for wrongful death, survival action, negligence, intentional infliction of emotional

distress, and negligent hiring, retention, and supervision.  *Id.* ¶ 33.  On March 22, 2019, the

Underlying Defendants filed a cross-complaint in the Underlying Lawsuit against A&R and SA &

R Trucking Company Inc. ("SA&R"), alleging that A&R and SA&R owned, operated, managed,

or maintained the Freightliner and Trailer, and that Sanan was acting in the "scope of his

relationship" with them at the time that the brakes were serviced.  *Id.* ¶¶ 36-39; RJN, Ex. B at ¶¶

11-12.  The cross-complaint asserts claims for equitable indemnity, comparative contribution,

apportionment, tort of another, and declaratory relief.  *Id.* ¶¶ 17-39.

A&R requested that Canal defend and indemnify it in connection with the Underlying

Lawsuit under its Commercial Automobile Insurance Policy, policy no. PIA08311001 (the

"Policy").  Compl. ¶¶ 41-44.  By letter dated May 14, 2019, Canal agreed to defend A&R in that

lawsuit subject to a full and complete reservation of rights.  *Id.* ¶ 43.  Canal now contends that it

owes no duty to defend A&R in connection with the Underlying Lawsuit and accident as a result

of an endorsement to the Policy, titled "Truckers – Insurance For Non-Trucking Use" (the "Non-

Trucking Use Endorsement").  *Id.* ¶ 53. The Non-Trucking Use Endorsement limits coverage to

United States District Court
Northern District of California

only when the Freightliner is not being used to carry property for a business.  *Id.* ¶ 54.  Defendant A&R contends that Canal has a duty to defend and indemnify despite the Non-Trucking Use Endorsement.  *Id.* ¶¶ 56, 62.

### C. The Michigan Lawsuit

On May 31, 2016, Altaye, as personal representative of the estate of Sanan Altaye, filed the Michigan Lawsuit against many of the same defendants as the Underlying Lawsuit.  As against Canal, Altaye asserted claims for breach of contract/statutory duty and declaratory relief.  RJN, Ex. B ¶¶ 104-21.  Altaye alleged that the Freightliner was insured by Canal under the Policy, that Canal failed to pay no-fault personal injury protection ("PIP") benefits to Sanan, and that Canal was also liable under the Policy for (1) expenses for care, recovery, or rehabilitation; (2) lost wages/survivor benefits; (3) replacement services; and (4) burial expenses; and (5) other personal protection benefits.  *Id.* ¶¶ 111-14.  Altaye also sought declarations as to Canal's obligations under the Policy, including Canal's responsibility to pay PIP benefits under the No Fault Act.  *Id.* ¶ 121.

On September 16, 2016, Canal filed a cross-complaint in the Michigan Lawsuit against A&R Express, the named insured under the Policy.  RJN, Ex. D.  Canal sought declarations that it owed no duty to defend or indemnify A&R Express in the Michigan Lawsuit based on the Non-Trucking Use Endorsement in the Policy.  *Id.* at ¶¶ 30-33.

Altaye and Canal filed cross-motions for summary disposition with respect to Altaye's claims against Canal seeking coverage for PIP benefits.  *See* RJN, Ex. E.  On March 16, 2018, the court in the Michigan Lawsuit issued an Opinion and Order denying both parties' motions on the ground that issues of fact precluded a determination of Altaye's claim for PIP benefits against Canal under the Policy (the "March Order").  *Id.*

A&R Express then moved for summary disposition with respect to its tort liability to Altaye, and Canal moved for partial summary disposition with respect to A&R Express's claim for first party property damage to the Freightliner and whether Canal owed a duty to defend and indemnify A&R Express for Altaye's third party liability claims.  *See* RJN, Ex. F.  On August 9, 2018, the court in the Michigan Lawsuit issued its Opinion and Order granting A&R Express's

United States District Court
Northern District of California

1   motion for summary disposition against Altaye, finding that A&R Express had no tort liability to

2   Altaye (the "August Order"). *Id.* at p. 7. In light of this ruling, the court in the Michigan Lawsuit

3   determined that "Canal's motion regarding its duty to defend and indemnify with respect to third

4   party liability [was] moot." *Ibid.* The court also granted Canal's motion with respect to coverage

5   for first party property damage to the Freightliner. *Ibid.*

6        On November 14, 2018, the court in the Michigan Lawsuit issued an Order of Dismissal as

7   to Canal With Prejudice which stated that "any and all claims for first party (PIP) benefits by

8   Plaintiff against [Canal], only, are dismissed with prejudice, and with no costs or fees to any

9   party" ("Canal Dismissal Order"). RJN, Ex. G. The Canal Dismissal Order further stated that this

10  "is not a final order and does not resolve all pending claims or close the matter." *Id.*

11       On November 29, 2018, the court in the Michigan Lawsuit issued its Order of Dismissal

12  and closed the case. RJN, Ex. H. Altaye, A&R Express, and Canal have filed claims for appeal of

13  the Final Order of Dismissal, and the case is currently pending before the Michigan Court of

14  Appeal. RJN, Ex. I.

15  **II.    Discussion**

16       Federal Rule of Civil Procedure 12(b)(6) provides that a party may seek dismissal of a suit

17  for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive

18  a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

19  claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

20  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the

21  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

22  defendant is liable. *Ibid.* In considering a Rule 12(b)(6) motion to dismiss, a court "must accept

23  as true all factual allegations in the complaint and draw all reasonable inferences in favor of the

24  nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938,

25  945 (9th Cir. 2014) (citation omitted). "Dismissal under Rule 12(b)(6) is appropriate only where

26  the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal

27  theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

28  CASE NO.: 5:19-CV-03571-EJD
    ORDER DENYING DEFENDANT ALI ALTAYE'S MOTION TO DISMISS

### A. *Younger* Abstention

Altaye first argues that this Court must abstain from hearing this case pursuant to the Supreme Court's decision in *Younger v. Harris,* 401 U.S. 37 (1971).  In *Younger*, the Supreme Court reaffirmed that "federal courts [cannot] enjoin pending state court proceedings except under special circumstances."  401 U.S. at 41.  The Supreme Court has since expanded this principle to civil enforcement actions "akin to" criminal proceedings, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975), and to suits challenging "the core of the administration of a State's judicial system." *Juidice v. Vail*, 430 U.S. 327, 335 (1977).  The Supreme Court has clarified that civil proceedings only implicate *Younger* where they involve certain orders "uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (citing *New Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350, 368 (1989)).

The Ninth Circuit has held that "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges."  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).  In addition to these "threshold requirements," the Ninth Circuit also requires that "[t]he requested relief must seek to enjoin or have the practical effect of enjoining ongoing state proceedings."  *Id.* at 758.  In general, *Younger* abstention "remains an extraordinary and narrow exception to the general rule" that "[a] federal court's obligation to hear and decide a case is virtually unflagging."  *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (internal quotation marks omitted).

Altaye argues that the requirements for *Younger* abstention are met here because the Michigan Lawsuit is ongoing in the Michigan Court of Appeals and implicates important state interests.  Specifically, Altaye argues that Michigan has an interest in deciding whether mandated insurance coverage exists for a commercial vehicle registered in Michigan.  Motion, p. 8.  While Altaye addresses the first and third requirements laid out above, it does not address whether the

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Michigan Lawsuit involves a "state's interest in enforcing the orders and judgments of its courts" or falls into one of the other categories of cases to which *Younger* applies. *ReadyLink Healthcare, Inc.*, 754 F.3d at 759.

The Michigan Lawsuit is a personal injury and wrongful death action between private litigants. It is not a criminal proceeding or a quasi-criminal proceeding, nor does it challenge "the core of the administration of a State's judicial system." *Juidice*, 430 U.S. at 335. "Core" orders involve the administration of the state judicial process—for example, a civil contempt order, *Id.* at 335–36, an appeal bond requirement, *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. at 12–14, or an appointment of a receiver, *Lebbos v. Judges of the Superior Court,* 883 F.2d 810, 815 (9th Cir.1989).

A state's interest in interpreting its own law is not sufficient. *ReadyLink Healthcare, Inc.*, 754 F.3d at 759 (finding that *Younger* did not apply because the civil suit at issue "involve[d] a 'single state court judgment' interpreting an insurance agreement and state law, not the process by which a state 'compel[s] compliance with the judgments of its courts.'") (citing *Potrero Hills Landfill, Inc. v. Cnty. of Solano,* 657 F.3d 876, 886 (9th Cir. 2011)). The Michigan Lawsuit involves the Michigan court's interpretation of an insurance agreement and state law. It therefore does not present any of the exceptional circumstances that would justify *Younger* abstention. *Sprint Commc'ns, Inc.*, 571 U.S. at 81–82 ("even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the exception, not the rule.") (internal quotations omitted).

### B. Res Judicata

Altaye next argues that the case should be dismissed pursuant to the doctrine of res judicata, or claim preclusion. Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the earlier action. *Allen v. McCurry*, 449 U.S. 90, 95 (1980). A "'federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered' under the Constitution's Full Faith and

United States District Court
Northern District of California

Credit Clause and under 28 U.S.C. § 1738." *Holcombe v. Hosmer,* 477 F.3d 1094, 1097 (9th Cir. 2007) (applying Nevada law to determine claim preclusion as to a Nevada judgment); *see also Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 81 (1984) ("the preclusive effect in federal court of petitioner's [Ohio] state-court judgment is determined by Ohio law."). Thus, Michigan law applies to determine the preclusive effect of the Michigan Lawsuit.

Under Michigan law, "res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575 (2001) (quoting *Dart v. Dart,* 460 Mich. 573, 586 (1999)). "A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Ibid.* Michigan courts have broadly applied the doctrine of res judicata. *Ibid.* They have barred claims already litigated as well as claims arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Ibid.*

Altaye argues that Canal litigated or could have litigated the issue of "contract coverage" in the Michigan Lawsuit. Motion, p. 9. Canal counters that the Michigan Lawsuit involved three distinct questions regarding coverage: (1) mandated PIP benefits under the No-Fault Act; (2) first party property damage for the Freightliner; and (3) third party liability. Opp., p. 10. Questions (1) and (2) were resolved in the Michigan Lawsuit. See RJN, Ex. E and Ex. F. In the present case, Canal seeks a declaration as to whether Canal owes a duty to defend or indemnify A&R in connection with the Underlying Lawsuit. Compl. ¶¶ 57, 63. That question was not resolved on its merits in the Michigan Lawsuit. Rather, the court in the Michigan Lawsuit held that A&R was not liable to Altaye, and therefore, the question of Canal's duty to defend or indemnify A&R was rendered "moot." RJN, Ex. F, p. 7. The question thus becomes whether Canal is precluded from bringing a claim that was dismissed as moot in the prior lawsuit.

In *Township of Chestonia v. Township of Star*, 266 Mich. App. 423, 429 (2005), the Michigan Court of Appeals considered a similar question. That case involved a dispute over whether Star Township could unilaterally withdraw from an agreement between it and Chestonia

CASE NO.: 5:19-CV-03571-EJD
ORDER DENYING DEFENDANT ALI ALTAYE'S MOTION TO DISMISS

9

1    Township.  In the first suit, the court granted summary disposition in favor of Chestonia

2    Township, but left open the question of whether Star Township could unilaterally withdraw.  In

3    the second action, a different court held that res judicata did not preclude the question of unilateral

4    withdrawal, stating:

5         "In the first action between the parties, the trial court declined to

6         rule on the question whether Star Township had the authority to

7         unilaterally terminate the [agreement].  Therefore, this issue was not

8         actually litigated in the first action.  Moreover, this is not a situation

9         in which a claim that could have been brought and litigated in the

10        first action was not.  In fact, in the original case, Star Township did

11        bring the claim challenged here by plaintiff.  However, the trial

12        court then elected not to rule on the issue.  Accordingly, the doctrine

13        of res judicata does not apply to this case."

14   *Twp. of Chestonia*, 266 Mich. App. at 429.

15        The same is true in the present case.  The question for which Canal seeks a declaration was

16   not actually litigated in the Michigan Lawsuit because the Michigan court found that the question

17   was mooted by its holding that A&R was not liable to Altaye.  Neither does Canal's claim for

18   declaratory relief fall into the category of claims that could have been raised but were not because

19   the claim was, in fact, raised in the Michigan Lawsuit.  Thus, the Court finds that the doctrine of

20   res judicata does not apply to bar Canal's claim.

21        **C.  Collateral Estoppel**

22        Finally, Altaye argues that Canal's claim should be dismissed pursuant to the doctrine of

23   collateral estoppel, or issue preclusion.  As with res judicata, we determine the preclusive effect of

24   a state court judgment by applying that state's preclusion principles.  28 U.S.C. § 1738; *Migra*,

25   465 U.S. at 81.  Therefore, Michigan law applies to determine whether collateral estoppel bars

26   Canal's claim in this case.

27        Under Michigan law, three elements must be satisfied for collateral estoppel to apply: (1) a

28   CASE NO.: 5:19-CV-03571-EJD
     ORDER DENYING DEFENDANT ALI ALTAYE'S MOTION TO DISMISS

1    question of fact essential to the judgment must have been actually litigated and determined by a

2    valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate

3    the issue; and (3) there must be mutuality of estoppel, meaning that the party seeking to estop an

4    adversary from relitigating an issue must have been a party, or the privy of a party, in the previous

5    action. *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682–84 (2004).

6          For the same reasons stated in Part B above, the Court finds that the issue Altaye seeks to

7    preclude—Canal's duty to defend and indemnify—was not actually litigated in the Michigan

8    Lawsuit.  The issue was deemed moot and thus was not essential to the court's judgment.

9    Therefore, the Court finds that collateral estoppel does not bar Canal's claim in this case.

10   **III.**    **Conclusion**

11          For the reasons set forth above, Altaye's motion to dismiss Canal's complaint for failure to

12    state a claim is **DENIED**.

13          **IT IS SO ORDERED.**

14    Dated:  April 16, 2020

15

16                                EDWARD J. DAVILA
                                United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28    CASE NO.: 5:19-CV-03571-EJD
      ORDER DENYING DEFENDANT ALI ALTAYE'S MOTION TO DISMISS
                                 11

United States District Court
Northern District of California